Of Counsel:
LAW OFFICE OF JEFFREY P. MILLER
A Limited Liability Law Company

JEFFREY P. MILLER     7559-0
American Savings Bank Tower
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email:  jeff@millercounsel.com

Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Henry Iida, Russell Young, Audrey Hidano, Glen Kaneshige, Eric Hashizume, George Ehara, Ronald Taketa, Kyle Chock, Shayne Chung, Conrad C. Verdugo, Jr., Ralph Hoohuli, and Travis Murakami,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ROBERT J. CORRAL,<br><br>　　　　　Defendant. | CIVIL NO. 17-00053 DKW-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ROBERT J. CORRAL<br><br><br>Hearing Date: September 21, 2017<br>Time: 9:30 a.m.<br>Judge: The Honorable Kevin S.C. Chang<br><br><br>No Trial Date Set. |

# FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ROBERT J. CORRAL

On February 7, 2017, Trustees of the Health and Welfare Fund of the Hawaii Carpenters Trust Funds ("HCTF") filed a Complaint against Robert J. Corral.

Jurisdiction of this Court is based on the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears thereunder, and more specifically under 29 U.S.C. Sections 185(a), 1145, and 1132(a) and (t).

Service of the Complaint and Summons was effected upon Defendant Robert J. Corral (hereinafter "Defendant" or "Corral") on April 2, 2017. Upon service of the Complaint and Summons, Defendant Corral failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. Thereafter, HCTF requested that default be entered against Defendant Corral, and on May 4, 2017, the Clerk of the Court made an Entry of Default of Defendant Corral.

On August 9, 2017, the Trust Funds filed a motion for entry of default judgment against Defendant, seeking to recover a money judgment in the amount

of $37,032.30, which represented the amount of ineligible medical benefits incurred on behalf of Defendant's ex-spouse after their Decree of Divorce.

Plaintiffs also requested their attorneys' fees and costs incurred in pursuing this action and its attorneys' fees and costs incurred in drafting this motion, attendance at the hearing thereon and finalization of the order and judgment in the amount of $2,664.02 in reasonable attorneys' fees and costs. Further, Plaintiffs expect to incur an additional amount of attorneys' fees totaling $750.00, plus general excise tax of $35.34 for a total of $785.34 for the attendance at the hearing of this motion, and finalization of the order and judgment thereafter. Accordingly, Plaintiffs requested attorneys' fees and costs in the amount of $3,449.36.

The Trust Funds' Motion for Default Judgment by Court came on for hearing on September 21, 2017 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant. Jeffrey P. Miller appeared on behalf of the Trust Funds. Defendant failed to appear and/or respond to the Trust Funds' Motion for Default Judgment.

## **FINDINGS**

Having reviewed the Trust Funds' Motion for Default Judgment, the attached declaration of Jeffrey P. Miller, the attached declaration of Kylie Wada, and the exhibits thereto, and the record established in this action, this Court finds

as follows:

1. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multiemployer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2. During all relevant times herein, Plaintiffs are responsible for the collection, accounting, management and distribution of employer contributions and employee benefits pursuant to a Collective Bargaining Agreement ("CBA") executed by Defendant Corral' employer.

3. Defendant Corral was married to Tassa Torres and said spouse received medical benefits from Plaintiffs as a dependent of Defendant Corral.

4. Pursuant to the rules and regulations of the Hawaii Carpenters Health & Welfare Fund, a participant's dependent is eligible for health coverage under the plan. However, the rules and regulations provide that coverage for participant's spouse terminates upon the dissolution of the marriage (page 49 of the

Summary Plan Description).

The rules and regulations also specifically state:

"You must inform the Fund, in writing, if a dependent ceases to be eligible for benefits on or before the first day of the month following the month in which eligibility ceased. If you fail to inform the Fund of the dependent's ineligibility, and the plan makes payments for services to the ineligible dependent, <u>you must reimburse the plan for the amount of such payments</u>."

[Emphasis added.]

5. On July 27, 2016, Defendant Corral informed the Trust Funds that he had divorced his then-spouse, Tassa Torres, and provided the Trust Funds with the Decree Granting Absolute Divorce which confirmed that Defendant Corral' final divorce was filed on July 9, 2003, over thirteen years before advising the Trust Funds of said divorce.

6. The Trust Funds subsequently investigated whether benefits had been paid to Defendant Corral' ex-spouse after his July 9, 2003 divorce. On September 27, 2016, Defendant Corral was advised in writing that his ex-spouse, Tassa Torres, utilized the plan after his divorce but before he notified the plan of the divorce during the period of July 2003 through August 2016. The total cost of benefits paid out on behalf of Defendant Corral' ex-spouse was $37,032.30.

7. The Trust Funds investigated whether Defendant Corral' ex-spouse had other medical coverage which could reimburse the Trust Funds for the

benefits paid by it on behalf of Defendant Corral' ex-spouse.  The Trust Funds were unable to locate any other medical coverage for Tassa Torres during the July 2003 through August 2016 period from which the Trust Funds might recover reimbursement for benefits paid during this period.

8. On October 17, 2016, the Trust Funds again requested Defendant Corral reimburse the Trust Funds in the amount of $37,032.30 which was paid on behalf of his ex-spouse during the period in which she was not eligible for benefits.  Defendant Corral has refused to reimburse the Trust Funds for these expenses.

9. Under the terms of the CBA and 29 U.S.C. § 1132(g)(2)(D), if it became necessary for the Trust Funds to take legal action to enforce payment of medical benefits paid on behalf of Defendant's ineligible ex-spouse from Defendant, Defendant would pay all of the Trust Funds court, collection costs, and reasonable attorneys' fees.

10. Defendant has breached the terms of the Summary Plan Description by failing to reimburse the Trust Funds for the payment of medical benefits paid on behalf of Defendant's ineligible ex-spouse.

11. As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining

appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(I).

12. The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Evaluating all of the Eitel factors, default judgment against Defendant is appropriate.

13. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

14. This Court reviewed the billing records of Plaintiffs' counsel and the declarations attached to Plaintiffs' motion. Upon said review, this Court finds that Plaintiffs reasonably and necessarily incurred $2,904.45 in attorneys' fees and tax, and $543.63 in costs.

## RECOMMENDATION

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment enter in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant Robert J. Corral in the amount of $40,480.38: $37,032.30 in damages, $2,904.45 in fees and tax, and

$543.63 in costs.

DATED: Honolulu, Hawaii, September 27, 2017.

   

Kevin S.C. Chang
United States Magistrate Judge

HAWAII CARPENTERS TRUST FUNDS vs. ROBERT J. CORRAL, Civil No. CV17-00053 DKW-KSC, FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ROBERT J. CORRAL